Indust. Com. v. Souvett_____ 18774
Lindeman, Admx. v. Rosche_____ 18775

**September 8**

18774—Industrial Commission of Ohio v. Peter Souvett; motion to direct Defiance Appeals to certify record. C. C. Crabbe, Atty. Gen., R. R. Zurmehly, Columbus, and Victor Mansfield, Defiance, for plaintiff; Winn & Goller and H. B. Mullholland, Defiance, for defendant.

18775—Myrtle Lindeman, as Administratrix of the Estate of Albert E. Lindeman, deceased, v. Fred C. Rosche; motion to direct Hamilton Appeals to certify record. Alcorn & Alcorn, Cincinnati, for plaintiff; Clore, Schwab & McCaslin, Cincinnati, for defendant.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

### No. 563

### BONOMINI v. BUSSMAN

### No. 18756.  Supreme Court

Pending on motion of Bonomini to require Hamilton Appeals to certify its record; docketed Aug. 13, 1924.  2 Abs. 498.

**829.  NEGLIGENCE.  Is it contributory negligence to cross a city street in a place other than a designated crossing?**

This case is one to recover for wrongful death of Charles A. F. Bussman, who was killed while crossing a thoroughfare in Cincinnati at an intersection and while passing in front of a moving street car into the path of the automobile driven by Bonomini.

The defense of contributory negligence was interposed because plaintiff's intestate crossed at a place other than the designated crossing and also in front of a moving street car.

The question upon which the judgment in favor of defendant in the Common Pleas Court was reversed by the Court of Appeals was the failure of the trial court to explain to the jury where the street crossing was at this place.  The ordinances of Cincinnati define that street crossings shall be the width of the sidewalk and their length from curb to curb and at right angles to the curb lines, and that pedestrians shall cross at such designated crossings.

The contention on the motion to certify is that a question of general and great public interest is presented in that municipalities have the right to designate street crossings, and that where such crossings are definitely defined by ordinance, it was error in reversing judgment of the Court of Common Pleas and finding that the court should have explained where the crossing was, when ordinances defined it.

Attorneys—F. O. Valentine, for Bonomini; W. P. Honman, for Bussman; all of Cincinnati.